## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NICOLE GUTIERREZ, as Court appointed
Guardian and Conservator for Juan D. Baca, a
Disabled Person,,

       Plaintiff,

vs.

JOHNSON & JOHNSON INTERNATIONAL,
INC., and JOHNSON & JOHNSON,
INCORPORATED,

       Defendants.

No:

## NOTICE OF REMOVAL

Defendants Johnson & Johnson International, Inc., and Johnson & Johnson, Incorporated (collectively, "Defendants"), remove this action to this Court from the Second Judicial District Court, Bernalillo County, New Mexico.  Removal jurisdiction exists pursuant to 28 U.S.C. § 1331 (federal question).

**I.      STATE COURT ACTION**

1.      On September 3, 2021, Plaintiff Nicole Gutierrez ("Plaintiff") filed a Complaint in the Second Judicial District Court, Bernalillo County, New Mexico ("Bernalillo County District Court"), captioned "Nicole Gutierrez, as Court appointed Guardian and Conservator for Juan D. Baca, a Disabled Person, v. Johnson & Johnson International, Inc., and Johnson & Johnson, Incorporated, No. D-202-CV-2021-05247.  *See* **Exhibit A**, a true and correct copy of the Complaint, Service of Process Transmittal, and Summons.

2.      Plaintiff first served a copy of a Summons and the Complaint on Johnson & Johnson International, Inc., on September 10, 2021.  *See* Exhibit A (Service of Process

Transmittal).

3.      Plaintiff first served a copy of a Summons and the Complaint on Johnson & Johnson, Incorporated on September 12, 2021.  *See infra* Exhibit F (Proof of Service on Johnson & Johnson Incorporated).

4.      Therefore, pursuant to 28 U.S.C. § 1446(b), Defendants' Notice of Removal was filed within 30 days of Johnson & Johnson International, Inc., and Johnson & Johnson Incorporated's, initial receipt of the Summons and Complaint.

5.      Pursuant to 28 U.S.C. § 1446(a), the following documents, along with Exhibit A, comprise all of the "process, pleadings, and orders" filed in the state court action.

    (a) Plaintiff's Demand for Jury Trial, attached as **Exhibit B**.

    (b) Plaintiff's Certification Regarding Arbitration, attached as **Exhibit C**.

    (c) Proof of Service of Complaint, attached as **Exhibit D**.

    (d) Notice of Dismissal of Party, attached as **Exhibit E**.

    (e) Summons with Proof of Service on Johnson & Johnson Incorporated, attached as **Exhibit F**.

    (f) Summons with Proof of Service on Johnson & Johnson International, Inc., attached as **Exhibit G**.

## II.      FEDERAL QUESTION JURISDICTION

6.      This Court has subject matter jurisdiction in this case based upon federal question jurisdiction.  28 U.S.C. §§ 1331, 1441(a).  Federal question jurisdiction exists in a civil matter when the "claim or right aris[es] under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).

7.      "A case arise[s] under federal law within the meaning of § 1331 . . .  if a well-pleaded complaint establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).

8.      Federal question jurisdiction has been invoked in this case under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA").

### A.      ERISA and ERISA Pre-emption

9.      In her Complaint, Plaintiff alleges, in pertinent part, that

(a) she is the court-appointed Guardian and Conservator of Juan D. Baca ("Baca"), a disabled person (Complaint, Exhibit A, ¶ 1);

(b) Baca's deceased wife, Lisa Baca ("Decedent"), was a former employee of Johnson & Johnson through which she participated in a "Retirement Plan" (*id.*, ¶ 5-6);

(c) The Decedent designated Baca as a beneficiary of the Retirement Plan (*id.*, ¶ 6);

(d)  Baca has not received any payment under the Retirement Plan since Decedent's death in May 1994 (*see id.*, ¶¶ 6, 14, 47); and

(e) Defendants breached a "contract" with Baca by "refusing to disburse survivor benefits pursuant to the" Retirement Plan  (*id.*, ¶ 60).

10.      The Retirement Plan in which the Decedent participated as part of her employment, the Consolidated Retirement Plan of Johnson & Johnson (the "Plan").

11.      Following exhaustion of all administrative remedies, a plan participant or beneficiary seeking judicial review of a benefit determination or alleged ERISA violation may bring suit in the district court of the United States for the district in which she resides or where the events giving rise to the claim allegedly occurred.  29 U.S.C. § 1132(e).  Additionally, the district courts of the United States have exclusive jurisdiction over civil actions brought by a plan participant or beneficiary to enforce other rights arising under ERISA.  29 U.S.C. § 1132(e).

12.     Plaintiff, on behalf of Baca, seeks retirement benefits pursuant to an ERISA plan, and thus, seeks remedies provided by ERISA.  Accordingly, her claims are governed by ERISA, a federal statute.  Specifically, her claim for breach of contract for failure to pay benefits to Baca under an ERISA-governed plan must be brought under ERISA § 502(a), 29 U.S.C. § 1132(a).

13.     Each of Plaintiff's claims are completely pre-empted by ERISA and converted into claims arising under ERISA under the "complete preemption" doctrine, discussed in detail below. To summarize though, the Supreme Court has made clear that "complete preemption" under ERISA provides a basis for removal because it converts a claim under state law into a claim arising under federal law over which the federal courts have original jurisdiction. Therefore, this case is removable to this Court on the basis of federal question jurisdiction.

14.     ERISA provides the exclusive remedial scheme for any claims covered by its civil enforcement provisions found at section 502(a) of ERISA, 29 U.S.C. § 1132(a). Plaintiff's claim for benefits under an ERISA Plan is completely preempted by ERISA and displaced by ERISA's civil enforcement provisions, such that this action is removable to federal court under 28 U.S.C. § 1441(b).  *See, e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When [ERISA] completely pre-empts [a] state-law cause of action, a claim [that] comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

15.     As the Supreme Court has made clear: "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if [parties] were free to obtain remedies under state law that Congress rejected in ERISA. The six carefully integrated civil enforcement provisions found in § [502(a)] of the statute as finally enacted . . . provide strong evidence that Congress did not intend to authorize other

remedies." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

16.     Thus, a claim that "duplicates, supplements, or supplants" the remedies provided

by ERISA runs afoul of Congressional intent and is completely preempted. *Id.* When a federal

statute, such as ERISA, completely preempts a state-law cause of action, then a claim that comes

within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on

federal law, and is removable under 28 U.S.C. § 1441(b), which authorizes any claim that "arises

under" federal law to be removed to federal court. *Beneficial Nat'l Bank*, 539 U.S. at 8.

17.     As the Supreme Court has explained, the reason for the complete pre-emption

doctrine (otherwise known as the "artful pleading doctrine") is to prevent plaintiffs from defeating

removal by omitting to plead necessary federal questions. *Metro. Life Ins.*, 481 U.S. at 65-66; *see*

*Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) ("Under the "artful pleading"

doctrine, . . . a plaintiff may not defeat removal by failing to plead federal questions that are

essential elements of the plaintiff's claim."). The district courts must uphold removal even though

no federal question appears on the face of the plaintiff's complaint. *See id.* Thus, causes of action

that fall within the scope of the civil enforcement provisions of ERISA Section 502(a), 29 U.S.C.

§ 1132(a) are removable to federal court. *Id.* at 67.

18.     Here, the subject of Plaintiff's claims are retirement benefits she asserts Baca is

owed under The Plan. Plaintiff directly references the Plan and all state law causes of action in the

Complaint allege that Baca is owed benefits under the Plan. (*See generally* Complaint, Exhibit A

Counts I-V).

19.     Although Plaintiff has pled claims as separate breach of contract, negligence,

negligent misrepresentation, fraudulent misrepresentation, and unfair trade practices act claims

(*see id.*), those claims fit squarely within ERISA's enforcement provision at section 502(a)(1)(B)

of ERISA, 29 U.S.C. § 1132(a)(1)(B) (allowing a Participant in an ERISA plan to file suit seeking benefits under an ERISA Plan). It is well-established that "common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan." *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir. 1991); *e.g., Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1121 n. 3 (10th Cir. 1995) (holding claims "alleging fraud with intent to deprive plaintiff of retirement benefits . . . preempted by ERISA"); *Peckham v. GEM State Mut. of Utah*, 964 F.2d 1043, 1049-50 (10th Cir. 1992) (affirming the district court's holding that the plan at issue was an ERISA plan and therefore ERISA preempted plaintiff's state law claims for breach of duty of good faith and fair dealing); *Straub v. Western Union  Tel. Co.*, 851 F.2d 1262, 1264 (10th Cir. 1988) (affirming district court's order finding plaintiff's state law breach of contract and negligent misrepresentation claims were preempted by ERISA).

20.     Thus, the relief sought by Plaintiff under state law would duplicate, supplement, and supplant the remedies available under ERISA. Plaintiff's Complaint is completely pre-empted and converted into a single claim arising under section 502(a)(1)(B) of ERISA, such that removal to this Court is appropriate.

**B.     ADA**

21.     Plaintiff's Complaint also purports to state a cause of action under the ADA. (*See* Complaint, Exhibit A, Count VI).  Thus, the Complaint itself, although filed in New Mexico state court, invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.  Accordingly, this matter is removable under 28 U.S.C. § 1441(a).

22.     Notwithstanding that the state law claims in the Complaint are pre-empted by ERISA as discussed above (*see supra* II(A)), this Court has supplemental jurisdiction over any state law claims arguably pled pursuant to 28 U.S.C. § 1367, and those claims properly are removable under 28 U.S.C. § 1441(c).

III.    **VENUE**

23.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) a civil action that is properly removable and pending in New Mexico, is properly removed to the United States District Court for the District of New Mexico.

IV.    **STATE COURT NOTIFIED**

24.    Defendants have given written notice of this removal to all adverse parties, in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice to Adverse Party of Removal of Civil Action to Federal Court in the Bernalillo County District Court is attached as **Exhibit H**.

25.    Defendants filed the Notice to State Court of Removal of Civil Action in the Bernalillo County District Court and served Plaintiff with the Notice, in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice to State Court of Removal of Civil Action is attached as **Exhibit I**.

V.    **CONCLUSION**

26.    Based on the foregoing, Defendants respectfully remove this action from the Bernalillo County District Court to this Court.

RESPECTFULLY SUBMITTED this 8th day of October, 2021.

*s/ Shawn Oller*
R. Shawn Oller (N.M. Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
602.474.3600 (Telephone)
602.957.1801 (Facsimile)

*Attorneys for Defendants*
*Johnson & Johnson International, Inc.,*
*and Johnson & Johnson, Incorporated*

I hereby certify that, on this 8th day of October, 2021, I filed the foregoing using CM/ECF, which caused service by electronic means on all counsel of record as follows:

Vanessa L. DeNiro
DeNiro Law, LLC
P.O. Box 45104
Rio Rancho, NM  87175
Vanessa@denirolaw.com
*Attorney for Nicole Gutierrez,*
*as Guardian and Conservator for Juan D. Baca*


_s/ Shawn Oller_

4826-2566-3486.1 / 111873-1004