# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
09/10/2021
CT Log Number 540221653

**TO:**   Megan Sousa
Johnson & Johnson
1 JOHNSON AND JOHNSON PLZ
NEW BRUNSWICK, NJ 08933-0002

**RE:**   **Process Served in New Mexico**

**FOR:**   Johnson & Johnson International  (Domestic State: NJ)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Nicole Gutierrez, as Court Appointed Guardian and Conservator for Juan D. Baca, a disabled Person vs. Johnson & Johnson International, Inc.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Return, Verified Complaint, Verification, Exhibit(s), Certification, Demand |
| **COURT/AGENCY:** | Bernalillo County - Second Judicial District Court, NM<br>Case # D202CV202105247 |
| **NATURE OF ACTION:** | Violations of The Americans with Disabilities Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Espanola, NM |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/10/2021 at 13:27 |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of service |
| **ATTORNEY(S) / SENDER(S):** | Vanessa L. DeNiro<br>DeNiro Law, LLC<br>PO Box 45104<br>Rio Rancho, NM 87174<br>505-977-8975 |
| **REMARKS:** | According to the records of the New Mexico Secretary of State, the only entity registered beginning with the name (Johnson & Johnson International, Inc.) is (Johnson & Johnson International). |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/13/2021, Expected Purge Date: 09/18/2021<br><br>Image SOP<br><br>Email Notification,  Ra-Jjcus Ldsop  RA-JJCUS-LDSOP@its.jnj.com<br><br>Email Notification,  Janet Lucas  Jlucas14@its.jnj.com<br><br>Email Notification,  Amy McLaren  cls-ctsopsupport@wolterskluwer.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>206 S Coronado Ave<br>Espanola, NM 87532 |

 CT Corporation

**Service of Process Transmittal**
09/10/2021
CT Log Number 540221653

**TO:**    Megan Sousa
Johnson & Johnson
1 JOHNSON AND JOHNSON PLZ
NEW BRUNSWICK, NJ 08933-0002

**RE:**    **Process Served in New Mexico**

**FOR:**   Johnson & Johnson International  (Domestic State: NJ)

855-844-0739
ServiceSolutionsTeam@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

| SUMMONS |
|---|

| District Court: Second Judicial District Court Bernalillo County, New Mexico<br>Address: 400 Lomas Blvd NW, Albuquerque, NM 87102<br>Court Telephone Number: (505) 841-8400 | Case No.: D-202-CV-2021-05247<br><br>Assigned Judge: Daniel E. Ramczyk |
|---|---|
| Plaintiff: NICOLE GUTIERREZ, as Court appointed Guardian and Conservator<br>for Juan D. Baca, a Disabled Person,<br>v.<br>Defendants: JOHNSON & JOHNSON INTERNATIONAL, INC., and JOHNSON & JOHNSON, INCORPORATED | To Defendant: JOHNSON & JOHNSON INTERNATIONAL, INC,<br>% its Registered Agent, CT Corporation Systems<br><br>Address: 206 S. Coronado, Espanola, NM, 87532 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1.      A Complaint has been filed against you.  A copy of the Complaint is attached. The Court issued this Summons.

2.      You must respond to this Complaint in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the Complaint.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the Complaint.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Issued at ___9/9/2021___, New Mexico, this ____ day of _____, _____.

Katina Watson
SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _____
Deputy Clerk

/s/Vanessa L. DeNiro
Signature of Attorney for Plaintiff
Name: Vanessa L. DeNiro, Esq.
Address: DeNiro Law, LLC
PO Box 45104 , Rio Rancho, NM 87174
Tele No.: (505) 977-8975
 Email: vanessa@denirolaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO

RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO          )
                             )ss
COUNTY OF _____    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, 2019 by delivering a copy of this summons, with a copy of the Verified Petition for Dissolution of Marriage.

**(check one box and fill in appropriate blanks)**

[ ]    to the Defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and first amended complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of the first amended complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and first amended complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and first amended complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____        _____
     Signature of person making service          Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____.

_____        _____

Judge, notary or other officer authorized to administer oaths          Official title

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**9/3/2021 4:41 PM**
**CLERK OF THE COURT**
**Catherine Chavez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**NICOLE GUTIERREZ, as Court**
**appointed Guardian and Conservator**
**for Juan D. Baca,  a Disabled Person,**

     **Plaintiff,**

v.                           **No. D-202-CV-2021-** D-202-CV-2021-05247

**JOHNSON & JOHNSON INTERNATIONAL, INC., and**
**JOHNSON & JOHNSON, INCORPORATED,**

     **Defendants.**

## VERIFIED COMPLAINT FOR BREACH OF CONTRACT AND RELATED CLAIMS

     **COMES NOW**, Plaintiff, Nicole Gutierrez, as court appointed Guardian and Conservator of Juan D. Baca, a disabled person, by and through counsel of record, DeNiro Law, LLC (Vanessa L. DeNiro, Esq.), and submits this Complaint for Breach of Contract and Related Claims, and states as follows:

### JURISDICTION

     1.     Plaintiff Nicole Gutierrez, as court appointed Guardian and Conservator of Juan D. Baca, a disabled person, (hereafter "Nicole" "Guardian" "Conservator") is a resident of Bernalillo County, New Mexico.

     2.     Nicole Gutierrez is authorized to bring this action pursuant to NMRA Rule 1-017(A) and (D).

     3.     Juan D. Baca, a disabled person, (hereafter "JD Baca") is a resident of Bernalillo County, New Mexico.

1

4.     Upon information and belief, Defendants, Johnson & Johnson International, Inc. and Johnson & Johnson, Incorporated, are Foreign Profit Corporations doing business in the State of New Mexico (collectively referred to as "J&J" hereafter).

5.     Lisa R. Baca, deceased, (hereafter "Lisa Baca") was the spouse of JD Baca and was an employee of J&J, prior to her passing.

6.     A benefit of her employment with J&J was a Retirement Plan, of which JD Baca was the designated beneficiary.

7.     The subject matter and allegations contained in this Complaint arose in the County of Bernalillo, State of New Mexico, and the contract that is the subject of this Complaint was signed in the State of New Mexico.

8.     This Court has jurisdiction over the parties and subject matter, and the venue is proper.

## FACTUAL BACKGROUND

9.     JD Baca has suffered from mental deficiencies from an early age, beginning with learning disabilities and illiteracy throughout school. When he turned 19 years old, a teacher referred him for a vocational evaluation. The evaluation reported severe dyslexia, including limitations related to verbal-cognitive areas and the inability to follow written instructions.

10.    Through the aid of specialized education and job training programs, JD Baca was able to live a relatively independent life, even maintaining employment for various periods of time.

11.    JD Baca and Lisa Baca were married on February 5, 1988.

12.    Lisa R. Baca, deceased, began employment with J&J on or about August of 1988.

13.     Lisa Baca designated JD Baca as the survivor beneficiary of the Retirement Plan held with J&J.

14.     On May 31, 1994, Lisa Baca passed away, and was survived by JD Baca and their minor child.

15.     JD Baca's health and cognitive abilities continually deteriorated over the years but the tragedy of his wife's death triggered a significant decline; JD Baca began to rely heavily on his family for assistance with day-to-day functions, paying bills, and maintaining his home.

16.     On or about September 29, 1995, J&J mailed written correspondence to JD Baca advising that he was entitled to receive benefits under Lisa Baca's Retirement Plan. See **Exhibit A**, *September 29, 1995 Letter from Johnson and Johnson.* This letter conveyed that the survivor benefits would be eligible for disbursement beginning December 1, 2015.

17.     On or about January 30, 2013, the Court entered an Order appointing Nicole Gutierrez Co-Guardian of Juan D. Baca in Case No. D-202-PQ-2012-00067. See **Exhibit B**, *Order Appointing Guardian of Juan D. Baca.* As described in this Order, the Court found that there were, "no available and adequate alternatives suitable for the care, oversight and treatment and welfare, safety, and rehabilitation of the incapacitate person, or for the affective [sic] management of property and financial affairs." Additionally, the Court ordered that, "Decisions of the co-guardians shall take precedence over decisions of any health care or financial agent, attorney in fact, or other surrogate or agent appointed…"

18.     In 2014, JD Baca faced the risk of losing his residence by way of foreclosure and litigation ensued, and therefore, JD Baca's family, collectively began helping him more and more with financial matters. It was only then that JD Baca's sister and Guardian, Nicole Gutierrez,

3

discovered the 1995 Letter sent to him by J&J regarding his survivor benefits under the Retirement Plan.

19.    By the time the survivor benefits first became eligible for distribution on December 1, 2015, JD Baca and his family were consumed by the foreclosure litigation.

20.    However, the Guardian still managed to contact J&J for the first time on or about December 21, 2015 to obtain more information about the benefits and determine what was needed for distribution to start. During this correspondence, Nicole advised J&J of JD's disability, as well as her status as Co-Guardian, and requested special accommodations. See **Exhibit C**, *Affidavit of Nicole Guiterrez.*

21.    After additional phone calls, J&J directed the Guardian to fax over supporting documentation to its Benefits Service Center, which she did on or about January 5, 2016.

22.    On or about January 28, 2016, J&J sent another written correspondence regarding the survivor benefits; the letter did not acknowledge the Guardian's request for a special accommodation, but rather, required JD Baca to make a Federal Tax Withholding Election and a Direct Deposit Election with regard to the survivor benefits. See **Exhibit D**, *January 28, 2016 Letter from Johnson and Johnson.*

23.    JD Baca's cognitive deficiencies drastically impair his ability to comprehend written instructions. Even if he had been able to understand the contents of the letters sent by J&J in 1995 and 2016, JD was certainly unable to complete the proper forms on his own, much less grasp the concept and impact of federal tax withholdings.

24.    Accordingly, Nicole Gutierrez made multiple attempts to explain the situation to J&J and clarify any confusion preventing the disbursement of benefits JD Baca was entitled to

receive. She reiterated her status as JD's Guardian and that he was unable to complete the process on his own. Unfortunately, the Guardian's efforts were met with notable resistance and a general disregard from J&J, who was unwilling to accommodate JD Baca's disability.

25.     J&J then directed the Guardian to submit a Power of Attorney form, which she found curious since she was JD's *Guardian* rather than an agent under a Power of Attorney, nevertheless she did submit the form on April 7, 2016 with a copy of the 2013 Order appointing her Co-Guardian.

26.     On or about April 8, 2016, J&J officially denied Nicole Gutierrez access to JD's account. See **Exhibit E,** *April 8, 2016 Denial Notice from Johnson and Johnson.*

27.     This Denial Notice shrewdly acknowledged Nicole's status as JD Baca's *Guardian*, but erroneously required that she be appointed *Conservator* before she could be authorized to assist in the process. J&J's basis for denying Nicole authority to communicate on behalf of JD was completely wrong. Furthermore, J&J was perfectly aware of JD Baca's disability at that time and instead of taking steps to make reasonable accommodations, J&J actually added barriers and made the process unnecessarily difficult.

28.     The Order Appointing Co-Guardians provided to J&J was more than sufficient to establish Nicole's authority to communicate, assist, and make determinations related to Juan D. Baca's benefits associated with his deceased spouse's Retirement Plan.

29.     Pursuant to the Letter of Guardianship, Nicole was granted plenary power and authority under New Mexico Law, to independently act on behalf of the protected person, Juan D. Baca, for all purposes related to Juan D. Baca's custody, care, health, safety, **and finances**, as

outlined by NMSA 1987, § 45-5-312(B)(4). See **Exhibit F**, *November 14, 2016 Letters of Guardianship*.

30.     Notwithstanding the fact that the plenary powers granted to Nicole Gutierrez under the Guardianship allowed her to communicate on JD Baca's behalf, J&J forced her to take the necessary step of reopening Case No. D-202-PQ-2012-00067 to become Conservator.

31.     On or about January 31, 2017, the Court entered an Order appointing Nicole Gutierrez as JD's Conservator.

32.     Letters of Plenary Conservatorship were issued by the Court on February 9, 2017.

33.     With frustrations mounting, and unease with the J&J's original denial, the Guardian/Conservator was forced to retain legal representation to prepare a Demand Letter to J&J. The Demand Letter was transmitted on August 2, 2017 to three (3) known addresses for J&J, including its main office and its Benefits Services Center. See **Exhibit G**, *August 2, 2017 Demand Letter to Johnson & Johnson*.

34.     The 2017 Demand Letter delineated the prior efforts made by the Guardian/Conservator and the added hurdles imposed by J&J. Most importantly, the letter clearly expressed that JD Baca is a disabled person and that special accommodations were being requested; specifically, requesting for J&J to allow JD's Guardian/Conservator to communicate on his behalf.

35.     No response to the 2017 Demand Letter was ever received from J&J.

36.     In addition to the vital care she provides on a daily basis and the time-consuming Guardian's Report and Conservator's Report she is required to file annually, Nicole became inundated with incredibly pressing matters; for the next several years, the Guardian/Conservator

6

worked tirelessly to conclude the foreclosure litigation, relocated JD Baca to a residence that better suits his needs, and created a Special Needs Trust for him.

37.     After accomplishing those goals, the Guardian/Conservator refocused her attention and energy on pursuing JD Baca's survivor benefits owed by J&J.

38.     On or about June 8, 2021, The Undersigned's office contacted J&J's Benefits Service Center in an effort to cut through the red tape and determine the best course of action for having the matter addressed expeditiously. J&J was informed, yet again, of JD's disability and, yet again, J&J was requested to make an accommodation.

39.     J&J advised this office to fax over all pertinent information and then call back to request for a Ticket to be opened with the Escalation Team; J&J indicated that an Escalated Ticket would ensure the faxed documents would be flagged for a supervisor's immediate attention.

40.     Pursuant to J&J's instruction, a new Demand Letter was prepared and faxed to J&J on or about June 22, 2021, which included Lisa R. Baca's death certificate, Guardianship/Conservatorship Orders, and copies of all prior correspondence. See **Exhibit H**, *June 22, 2021 Demand Letter to J&J with Fax Confirmation.*

41.     The 2021 Demand Letter, again, plainly notified J&J that JD Baca is disabled and requested a special accommodation. More specifically, the letter advised that JD requires the assistance of Nicole Gutierrez, as his court appointed Guardian and Conservator, to understand and complete the required paperwork.

42.     The next day, June 23, 2021, this office contacted J&J to confirm receipt of the fax and Ticket (No. 1060653) was opened with the Escalation Team. J&J's representative,

7

Brielle, advised that everything appeared to be in order and that J&J would reach out to discuss next steps once the faxed documentation had been fully processed.

43.    After approximately two (2) weeks of no contact from J&J, a follow-up call was made on or about July 8, 2021, referencing the Escalated Ticket number.

44.    The Undersigned's office was informed by a member of the J&J's Escalation Team named Shannon that Ticket No. 1060653 had been marked as *closed* that very same day of July 8, 2021. Shannon advised that this meant the request for a special accommodation had been reviewed and a decision was made; more specifically, J&J indicated that Nicole Gutierrez would be receiving a mailed letter, either approving or denying the request for accommodation, permitting Nicole Gutierez's ability to act on JD Baca's behalf. If approved, the letter would contain a temporary password for Nicole to access the account. See **Exhibit I**, *Affidavit of James Peck.*

45.    When asked about the estimated timeframe for receiving the mailer, J&J advised that its policy is to have written confirmation mailed within fifteen (15) days after a decision is made. Approximately sixty (60) days have passed since that conversation.

46.    To date, zero correspondence has been received from J&J since the Escalated Ticket was closed on July 8, 2021.

47.    To date, zero survivor benefits have been distributed to JD Baca.

48.    Beyond being lawfully entitled to these benefits, JD Baca's disability makes it especially important for him to receive this additional income to help pay for his continued care and wellbeing.

49.     JD Baca has been damaged by J&J's actions and inactions and is entitled to recovery.

50.     J&J was required to make reasonable accommodations for JD Baca's disability, especially after multiple requests were made dating back to December of 2015.

51.     J&J failed to comply with basic nondiscrimination requirements that prohibit exclusion, segregation, and unequal treatment.

52.     JD Baca is not receiving equal treatment compared to typical survivor beneficiaries because J&J refuses to communicate with him through an intermediary; specifically, J&J's refusal to allow his court appointed Guardian and Conservator to act on his behalf has prevented him from receiving equal treatment and equal access to J&J's services.

53.     Even after ample notice and multiple requests, J&J failed to enact reasonable modifications to its policies, practices, and procedures to accommodate JD's disability.

54.     J&J has taken advantage of JD's disability to its benefit and to the detriment of JD.

55.     J&J's actions and inactions have materially impacted Nicole Gutierrez's ability to perform her Court imposed duties and responsibilities as the Guardian and Conservator of JD Baca.

56.     Attorney fees and costs have been incurred as a result of J&J's actions and inactions.

57.     Numerous good faith efforts were made and all non-litigious options were exhausted prior to the filing of this lawsuit.

9

## COUNT I: BREACH OF CONTRACT

58.     Conservator incorporates the facts and allegations set forth above.

59.     A contract exists between JD Baca's deceased wife, Lisa R. Baca, and the J&J for the disbursement of retirement benefits to Lisa throughout the duration of her life, and upon her death, benefits were intended to be distributed to her beneficiary, JD Baca.

60.     Thus, JD Baca is a third-party beneficiary to that contract as the intended beneficiary of Lisa R. Baca's retirement benefits, and J&J's actions of refusing to disburse survivor benefits pursuant to the above mentioned contract, is a breach of contract against JD Baca as a third party beneficiary.

61.     As a result of J&J's breach, JD Baca has been harmed.

62.     Therefore, Conservator is entitled to all remedies under the law and to an award of damages to be determined at trial.

## COUNT II: NEGLIGENCE

63.     Conservator reincorporates the facts and allegations as fully set forth herein.

64.     J&J, is a fiduciary for Lisa R. Baca, deceased, as the holder of her retirement benefits, and has a duty of care to ensure that benefits are distributed to the designated survivor beneficiary, in accordance with the retirement plan benefits.

65.     J&J breached this duty by not disbursing retirement benefits to JD Baca pursuant to the terms of the retirement plan which designated JD Baca as the third party beneficiary upon the death of Lisa R. Baca.

66.     J&J knew or should have known that JD Baca is the beneficiary of the retirement plan and that Conservator's guardianship of JD Baca allowed Conservator to obtain disbursement of benefits on his behalf.

67.     J&J failed to meet its fiduciary duty and negligently withheld disbursement of benefits to JD Baca as the intended third party beneficiary.

68.     Furthermore, J&J failed to respond to Conservator's letters in 2017 and 2021 stating that she, as the guardian of JD Baca, is entitled to disbursement of benefits.

69.     As a direct and proximate cause of J&J's negligent actions, Conservator and JD Baca have sustained irreparable damage and financial hardships.

70.     Therefore, Conservator is entitled to compensatory damages in an amount to be determined at trial.

## COUNT III: NEGLIGENT MISREPRESENTATION

71.     Conservator incorporates by reference the paragraphs above as if fully set forth herein.

72.     J&J negligently misrepresented to Conservator that benefits were to be disbursed to Conservator beginning December of 2015, however, this never occurred.

73.     Moreover, J&J misrepresented to the Undersigned that if the Order appointing Nicole as Conservator was sent to J&J then the ticket would be expedited to the appropriate channels and a response would be sent.

74.     As stated above, that did not occur and there has been a continued lack of communication between J&J, the Conservator and the Undersigned.

75.     Therefore, as a direct and proximate cause of the misrepresentations made by J&J, Conservator has suffered irreparable damages in an amount to be determined according to proof at trial.

### COUNT IV: FRAUDULENT MISREPRESENTATION

76.     Conservator incorporates by reference the paragraphs above as if fully set forth herein.

77.     J&J's misrepresentations began in September of 1995 when it unequivocally stated that J.D. Baca would receive retirement benefits beginning December 1, 2015.

78.     Additionally, J&J misrepresentations continued regarding the disbursement of funds to J.D. Baca in April 2016, when J&J erroneously denied J.D. Baca's right to benefits and stated it required further Conservatorship documentation.

79.     There have been subsequent communications sent to J&J without any response from J&J for several years.

80.     Therefore, J&J's initial response to distribute funds, which Conservator reasonably relied on, was made with the intentional misrepresentation to Conservator when funds would be disbursed to Conservator and the continued lack of communication supports that.

81.     Thus, Conservator is entitled to punitive damages as a result of J&J's intentional misrepresentations.

### COUNT V: UNFAIR TRADE PRACTICES ACT

82.     Conservator incorporates by reference the paragraphs above as fully set forth herein.

83.     J&J is a person involved in trade and/or commerce as defined under NMSA 1978 § 57-12-2(A) and (C).

84.     In connection with the services and sale of retirement benefits, J&J engaged in deceptive trade practices pursuant to NMSA 1978, § 57-12-2(D)(7), (14) and (17), when it misrepresented that it was going to disburse retirement benefits to Conservator as the third party beneficiary.

85.     Furthermore, J&J engaged in unconscionable trade practices which is in violation of NMSA 1978, § 57-12-2(E)(1) and (2), when it exploited Conservators' lack of knowledge, ability, experience, and completely .

86.     As a direct and proximate cause of the unfair trade practices by J&J Conservator must be awarded triple the damages pursuant to .

## COUNT VI: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

87.     Conservator incorporates by reference the paragraphs above as fully set forth herein.

88.     J&J's actions amount to a violation of 42 U.S.C.A. § 12182 because J&J has refused to disburse funds to J.D. Baca based on his disability and J&J has continually discriminated against J.D. Baca by not communicating with the Conversator.

89.     Pursuant to 42 U.S.C.A. § 12181 J&J is considered a public accommodation and federal law recognizes that a public accommodation is not limited to actual physical structures. *Carparts Distribution Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12, 18 (1st Cir. 1994).

90.     As a public accommodation, J&J is required to make reasonable modifications in

policies, practices, or procedures...or accommodations to individuals with disabilities, unless [J&J] can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C.A. § 12182.

91.     J&J failed to accommodate Juan D. Baca, a disabled individual, when it issued its April 8, 2016 Denial Notice to Conservator. J&J's Denial Notice was predicated on semantics, i.e. *"Guardian"* vs *"Conservator,"* as opposed to being done in light of policy considerations which would otherwise fundamentally alter the nature of J&J's services.

92.     Moreover, the semantics between *Guardian* and *Conservator* are irrelevant and J&J's actions demanding proof of conservatorship over the appointed guardian status of Nicole is completely discriminatory. Pursuant to NMSA 1987, § 45-5-312(B)(4), Nicole Guiterez was empowered to independently act on behalf of Juan D. Baca for all purposes related to his custody, care, health, safety, and *finances*. Arbitrarily holding that Nicole Guiterez must be a Conservator, as opposed to a Guardian, who is empowered to act on behalf of Juan D. Baca's finances, is egregious.

## DAMAGES

92.     As a direct and proximate result of the actions of J&J enumerated above, Conservator has suffered monetary damages necessary to restore Conservator that which was lost by J&J's conduct. As stated above, JD. Baca is incpaciated and needs constant care, and J&J's actions of not disbursing the benefits to Conservator has caused irreparable harm and constant hardship for the Conservator and his caregiver.

93.     Pursuant to NMSA 1978, § 57-12-10, J&J's violation of the Unfair Trade

Practices Act entitles Conservator to three times her damages, costs, and attorney's fees.

94.     J&J's actions were malicious, willful, reckless, wanton, oppressive, and/or

in bad faith, entitling Conservator to punitive damages in an amount to be determined by the

Court at trial.

<u>**CONCLUSION**</u>

**WHEREFORE**, for the foregoing reasons, Conservator demands judgment against

J&J for compensatory damages, punitive damages, attorney fees, costs of this litigation, interest

from the date of damages, and such other relief as the Court deems appropriate.

SUBMITTED BY:

**DENIRO LAW, LLC**
By: /s/ *Vanessa L. DeNiro*
Vanessa L. DeNiro, Esq.
*Attorney for Nicole Gutierrez, as*
*Guardian and Conservator for Juan*
*D. Baca*
P.O. Box 45104
Rio Rancho, NM 87175
(505) 977-8975
vanessa@denirolaw.com

15

## VERIFICATION

STATE OF NEW MEXICO          )

                                       ) ss.

COUNTY OF BERNALILLO        )

I, Nicole Gutierrez, am the Plaintiff as the court-appointed Guardian and Conservator of Juan D. Baca. I state, upon oath, that the foregoing Verified Complaint for Breach of Contract and Related Claims, and the statements in it, are true and correct as far as I know and believe.

                                                   Nicole Gutierrez

SIGNED AND SWORN TO before me this 31 day of August 2021.

                                                   Notary Public

My Commission Expires:

8/3/25

Official Seal
JUDY M SANDOVAL
Notary Public
State of New Mexico
My Comm. Expires

r 11 17 07:20a      Ernie & Nicole Gutierrez                    5058980050                    p.1

*Johnson & Johnson*

# BENEFIT
## SERVICE CENTER



**EXHIBIT**

**A**

September 29, 1995

Mr. Juan Baca
1816 Wildwood Ln SW
Albuquerque, NM 87015

Dear Mr. Baca:

As a result of your wife Lisa Baca's membership in the Retirement Plan of Johnson &
Johnson and Affiliated Companies, you are entitled to receive a monthly benefit of
$107.91 beginning December 1, 2015, the first of the month after she would have
attained age 55. This amount is based on the 50% Joint and Survivor Annuity option
which is automatically payable to you.

Payments will begin as of December 1, 2015 and will continue for the remainder of your
lifetime. If you have a change in your home address, please notify the Benefit Service
Center immediately.

If you believe that the benefit awarded to you is incorrect, or that the method of payment
is incorrect, you or your authorized representative may request a review. A review must
be requested within 60 days of the date of this notice. A review may be arranged by
calling the Benefit Service Center.

If you have any questions, require assistance or would like a review, do not hesitate to call
me or any Benefit Administrator at the Benefit Service Center by calling
1-800-565-0122.

Sincerely

Beth Toll
Johnson & Johnson
Benefit Service Center

L211

Centre Square East • 15th floor • 1500 Market Street • P.O. Box 7667 • Philadelphia, PA 19101-7667
Phone 1-800-565-0122 • Fax 1-215-246-4106

EXHIBIT

B

_____

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ENDORSED
FILED IN MY OFFICE THIS

JAN 3 1 2013

In the Matter of

Juan Baca                              No. PQ 2012 00 6 7      CLERK DISTRICT COURT

ANDREA SALAS

ORDER APPOINTING CO-GUARDIANS

This matter, coming before the court on the petition for appointment of co-guardians and the court, having heard this matter on the 7th day of January 2013.. The court being sufficiently advised on the premise finds:

1.  The court has jurisdiction over the parties in the subject matter, notice has been given as proper, all requirements of law in the State of New Mexico have been fully met. Venue is proper in Bernalillo County.

2.  The allegations of the petition are true.

3.  Juan Baca is incapacitated and an appointment of a guardian and conservator is necessary and desirable as a means of providing continuing care, supervision and rehabilitation, of the person of Juan Baca and of affectively managing property and financial affairs.

4.  There are no available and adequate alternatives suitable for the care, oversight and treatment and welfare, safety, and rehabilitation of the incapacitated person, or for the affective management of property and financial affairs.

5.  Guardianship and conservatorship are appropriate therefore as the least restrictive form of intervention consistent with the preservation of the civil rights and liberties and property of the incapacitated person.

6. Ashley Baca, daughter of the proposed ward and Nicole Gutierrez, the sister of the proposed ward are qualified, suitable and willing to serve as co-guardians and ~~conservators~~ for Juan Baca.

7. A copy of this order shall be furnaced to the incapacitated person and that the person's legal counsel, if any.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

a. Ashley Baca of 1821 Wildwood Lane, SW, Albuquerque, NM and Nicole Gutierrez of 6105 Whiteman Drive NW, Albuquerque, NM be appointed co-guardians of Juan Baca.

b. Letters of Guardianship and ~~Conservatorship~~ shall issue upon acceptance of the appointment.

c. Decisions of the co-guardians shall take precedence over decisions of any health care or financial agent, attorney in fact, or other surrogate or agent appointed by Juan Baca.

d. The co-guardians shall prepare and file an initial guardians' report within 90 days of this appointment pursuant to NMSA 1978 sec. 45-5-314.

e. The co-guardians shall file an annual report an account with the court pursuant to NMSA 1978 sec. 45-5-314 and 45-5-409.

f. Responsibilities of the Guardian Ad Litem and visitor are hereby concluded in their discharge from their duties.

g. In the event that any disagreement between the co-guardians with respect to their duties as co-guardians the position of Ashley Baca shall prevail.

f. Juan Baca has the right to appeal the appointment of a guardian and conservator and to seek alteration or termination of the guardianship and conservatorship at any time.

_____
The Honorable Beatrice Brickhouse
District Court Judge
Second Judicial District Court

1/30/13

Submitted by:

_____
Peter F. Staiti
Attorney for Petitioners

EXHIBIT

C

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**NICOLE GUTIERREZ, as Court**
**appointed Guardian and Conservator**
**for Juan D. Baca,  a Disabled Person,**

      **Plaintiff,**

v.                                                    **No. D-202-CV-2021-**

**JOHNSON & JOHNSON INTERNATIONAL, INC., and**
**JOHNSON & JOHNSON, INCORPORATED,**

      **Defendants.**

## AFFIDAVIT OF NICOLE GUTIERREZ

I, Nicole Gutierrez, do hereby affirm and declare that I am over 18 years of age and I am competent to give the following declaration based on my personal knowledge unless otherwise stated, and that the following facts and issues are true and correct to the best of my knowledge:

1.      I am a resident of Bernalillo County, in the state of New Mexico.

2.      My brother, Juan D. Baca ("JD"), has been disabled since an early age.

3.      I have been JD's court appointed Guardian since January 30, 2013.

4.      I first contacted Johnson & Johnson on December 21, 2015 to advise of JD's disability and request an accommodation. I informed Johnson & Johnson that I am JD's Guardian and that he requires assistance to properly complete the process.

5.      Johnson & Johnson's April 8, 2016 Denial Notice that stated I must be JD's Conservator in order to access his account was undoubtedly my primary reason for seeking Conservatorship.

6.      I have been JD's court appointed Conservator since January 31, 2017.

7.     My personal interactions with Johnson & Johnson have been frustrating and unproductive. I have found Johnson & Johnson's Benefits Services Center to be dismissive of JD Baca's needs and extremely unwilling to make reasonable accommodations for his disability. Despite providing clear supporting documentation on multiple occasions, Johnson & Johnson has completely disregarded my authority to speak and act on JD's behalf.

8.     After my individual efforts were denied by Johnson & Johnson, I felt forced to retain legal counsel to help me advocate for my disabled brother.

9.     JD's income is exclusive to SSDI and these survivor benefits are crucial to his continued care and wellbeing.

10.    I take my role as JD's Guardian and Conservator very seriously and am mindful of the Court's requirements, such as preparing the annual Guardian's Report and annual Conservator's Report.

11.    Johnson & Johnson's refusal to distribute the survivor benefits has negatively impacted my ability to fully perform my obligations and responsibilities as Guardian and Conservator. This has made my job much more difficult and very stressful.

12.    As of the date of this Affidavit, I have not received any verbal or written correspondence from Johnson & Johnson.

13.    As of the date of this Affidavit, zero survivor benefits have been distributed by Johnson & Johnson.

14.    I believe JD has been harmed by Johnson and Johnson's acts or omissions. I believe I have been harmed too, as well as substantially inconvenienced by Johnson and Johnson's neglect of this matter.

AFFIANT FURTHER SAYETH NOT

Dated: August 31, 2021

_____
Nicole Gutierrez

STATE OF New Mexico
COUNTY OF Bern. } s.s.

SUBSCRIBED AND SWORN TO before me on 8/31, 2021, by Nicole Gutierrez.

_____
Notary Public

My Commission Expires: 8/2/25

Official Seal
JUDY M SANDOVAL
Notary Public
State of New Mexico
My Comm. Expires 8/2/25



**Johnson & Johnson**
# BENEFIT
### SERVICE CENTER

**Pension Plan**
**Federal Tax Withholding/**
**Direct Deposit Form**

Statement Date: 01-28-2016

```
EXHIBIT

   D
_____
```

30C008
JUAN BACA
1816 WILDWOOD LN SW
ALBUQUERQUE NM  87105

Please read the tax notification information on this form. For additional tax guidance, please consult a personal tax advisor. Complete the section(s) you wish to change. Sign and date the form and return it to the **Johnson & Johnson Benefit Service Center in the enclosed return envelope.**

## Federal Tax Withholding Election

Complete the following applicable lines.

☐ 1. I elect not to have income tax withheld from my pension.
☐ 2. I want my withholding based on the following marital status and (#) _____ allowance(s):
    ☐ Single ☐ Married ☐ Married but withhold at a higher single rate
☐ 3. I want the following additional flat dollar amount withheld from my monthly pension: $ _____

## Direct Deposit Election

Would you like to receive your payments more quickly and easily? Electronic direct deposit of your check provides a convenient and safe way to deposit your monthly pension payments.

Completing this section authorizes Johnson & Johnson to deposit your monthly pension payments and to instruct your financial institution to appropriately credit your account. Your monthly pension will be electronically deposited into your specified account approximately two months after this completed form is received. Obtain the ABA routing number from your financial institution. If you use a brokerage house, they should provide routing numbers for you or fill out this portion of the form for you.

Financial Institution Name: _____
Financial Institution Address: _____
Financial Institution Phone Number: _____
Account Number: _____
Type of Account: ☐ Checking ☐ Savings

Financial Institution ABA Routing No.: _____

## Signature

_____            _____
*Signature of Payee*                              *Date*

Delivered by Aon



Apr 11 17 07:20a          Ernie & Nicole Gutierrez                      5058980050                      p.2

**EXHIBIT**
**E**

## *Johnson & Johnson*

4 Overlook Point
P.O. Box 1495
Lincolnshire, IL 60069-1495

**Power of Attorney
Denial Notice**

Statement Date        04-08-2016

092329axw
JUAN BACA
1816 WILDWOOD LN SW
ALBUQUERQUE NM 87105

We have received and processed the Power of Attorney form submitted on 04-07-2016. However, because the documentation does not meet the requirements specified by Johnson & Johnson, we cannot grant NICOLE GUTIERREZ access to your Health and Welfare Plan(s) and/or Retirement Plan(s) at this time.

Your request has been denied for the following reason(s):

- Nicole Gutierrez and Ashley Baca were appointed co-guardians, which only authorizes the co-guardians to make decisions to ensure that the Principal's basic needs are met and make life decisions. Based upon the documentation we were provided, neither Nicole nor Ashley were appointed conservator of the Principal, which would have enabled them to access the Principal's J&J benefit accounts.

## For More Information

If you need additional information, access the Your Benefits Resources™ Web site at http://resources.hewitt.com/jnjbsc or call the Johnson & Johnson Benefit Service Center toll-free at 1-800-565-0122. Outside the United States, call +1-847-883-0796. Johnson & Johnson Benefit Service Center Representatives are available between 9 a.m. and 5 p.m., Eastern time, Monday through Friday.

Your Benefits Resources™ is a trademark of Hewitt Associates LLC.

Delivered by Aon

        315310049 00695 092329axw        

83

**EXHIBIT**

**F**

**ENDORSED**
**FILED IN MY OFFICE THIS**

**NOV 1 4 2016**

~~CLERK DISTRICT COURT~~

DORA BOZOVIC

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

IN THE MATTER OF          )
JUAN BACA                 )          NO.  D-202-PQ-2012--0067

## LETTERS OF GUARDIANSHIP

STATE OF NEW MEXICO          )
                             ) ss:
COUNTY OF BERNALILLO         )

TO ALL WHOM THESE PRESENTS SHALL COME, GREETINGS:

By an Order to Appoint Guardian, signed by the Honorable Beatrice Brickhouse on

January 31, 2013 upon filing of a *Verified Petition for Co-Guardians* entered on April 23, 2012,

thereby appointing Nicole Gutierrez as co-guardian to Juan Baca of Albuquerque, New Mexico,

and Nicole Gutierrez having filed her acceptance as required by law, these Letters of

Guardianship are issued as evidence of Nicole Gutierrez's plenary authority as such Guardian by

order of the Second Judicial District Court.

Guardian, Nicole Gutierrez, maintains her address and phone number at:

6219 Marigold Ct, Albuquerque, NM 87120

Phone Number: 505- 328- 3625

As Guardian, Nicole Gutierrez, shall have plenary power pursuant to New Mexico law to independently act on behalf of protected person, Juan Baca, for all purposes related to Juan Baca's custody, care, health, safety, finances, including medical decisions, medical treatment and admission into facilities if found appropriate by facility, to include but not limited to her, financial decisions and care as outlined by NMSA, Section 45-5-312(B)(4).

The protected person, Juan Baca, maintains an address at:

> JUAN BACA
>
> 1816 Wildwood Lane SW
>
> Albuquerque, NM 87105
>
> 505-877-5594

WITNESS THE CLERK OF THE COURT in and for Bernalillo County, and the Seal of the Court on this 14th day of November 2016.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

BY _____
                    DORA BOZOVIC

DEPUTY

Certified as a true and correct copy of the original filed in my office, said Letters being in full force and effect as of this date James A. Noel, Clerk of the District Court.

By: _____ Date: NOV 1 4 2016
         Deputy





August 2, 2017

*Delivered via First Class Mail to:*

**Johnson & Johnson**
**4 Overlook Point**
P.O. Box 1495
Lincolnshire, IL 60069-1495

**Johnson & Johnson**
**Benefit Service Center**
P.O. Box 785010
Orlando, FL 32878-5010

**Johnson & Johnson**
**Main Office**
P.O. Box 767
Neenah, WI 54957

**<u>RE: Juan D. Baca, as the beneficiary of Lisa R. Baca - Demand for Release of Survivor Benefits from Retirement Plan of Lisa R. Baca, Deceased.</u>**

To Whom This May Concern,

Please be advised that this firm represents Nicole Gutierrez, as the Court Appointed Guardian and Conservator of Juan D. Baca. **See Exhibit A,** *Orders.* Juan D. Baca is the beneficiary of Lisa R. Baca, deceased, and is entitled to survivor benefits from Lisa R. Baca's Retirement Plan with Johnson & Johnson.

Ms. Gutierrez has advised of the substantial difficulty she has encountered in seeking to obtain disbursement of survivor benefits from the above-referenced retirement account, on behalf of the protected person, Juan D. Baca. Our firm has been retained to intervene in this matter.

The purpose of this correspondence is to establish a clear understanding of the circumstances involved and to formally demand, the expedited release of all funds entitled to Juan D. Baca. If any outstanding documentation is still required, we will help facilitate that process on behalf of Ms. Gutierrez, but we are confident that any unreasonable obstruction or unnecessary delay exhibited by your office will immediately cease.

Pursuant to correspondence dated September 29, 1995, the Johnson & Johnson Benefit Service Center advised Mr. Baca that he is entitled to receive a monthly benefit as a result of his wife's membership in the retirement plan program with Johnson &

ALBUQUERQUE          SANTA FE

Johnson.  **See Exhibit B,** *Sept. 29, 1995 Correspondence.*  This letter conveyed that the monthly benefit of $107.91 would begin December 1, 2015.  To date, zero survivor benefits have been paid to Mr. Baca, by Johnson & Johnson, despite genuine attempts by our client to complete your problematic application process.

Subsequent to this 1995 letter, Mr. Baca became deemed incompetent and lacked capacity to make decisions for his health and welfare on his own.  This caused difficulty when benefits became payable to Mr. Baca in December of 2015 and the proper forms needed to be completed, as directed in the January 28, 2016 correspondence from Johnson & Johnson.  **See Exhibit C,** *January 28, 2016 correspondence.*

After several months, Nicole Gutierrez, as Mr. Baca's Guardian, contacted your office in an effort to explain the situation and clarify any confusion and to complete the paperwork for the survivor benefit.  This good faith attempt was met with a Denial Notice, dated April 8, 2016.  **See Exhibit D,** *Denial Notice.*  This Notice shrewdly acknowledged Ms. Gutierrez as Mr. Baca's Guardian, but erroneously required that she be appointed conservator before she could be authorized to assist in the process.  According to the Letters of Guardianship issued by the Court, Nicole Gutierrez was granted plenary power and authority under New Mexico Law, to independently act on behalf of protected person, Juan D. Baca, for all purposes related to Juan D. Baca's custody, care, health, safety, **and finances,** as outlined by NMSA 1987, § 45-5-312(B)(4). See Exhibit A, *supra.*  The Order Appointing Co-Guardians was provided to Johnson & Johnson, by Ms. Gutierrez.  This was sufficient to establish her authority to access Juan Baca's benefit accounts.

It is unconscionable and a breach of Johnson & Johnson's duty to Juan Baca, to deny him his benefits and to require such stringent and expensive hurdles for Mr. Baca's Court Appointed Guardian to access his benefits.  As directed by Johnson & Johnson, erroneously, in its April 8, 2016 Denial Notice, Ms. Gutierrez was appointed conservator, and as a result incurred substantial attorney fees and costs.  See Exhibit D, *supra.*

Accordingly, Nicole Gutierrez was formally appointed Conservator of Juan D. Baca, on January 31, 2017.  As such, Ms. Gutierrez has not only met, but has gone above and beyond the necessary requirements to gain access to Mr. Baca's benefit accounts.  Given the circumstances, a delay in processing the appropriate paperwork was reasonable up to the time Ms. Gutierrez received the Denial Notice on April 8, 2016.

Exhibit D, *supra*.  Approximately twenty-one (21) months have passed and Mr. Baca has yet to receive a single benefit payment.  Our client believes it would be reasonable to receive a lump sum payment of $2,266.11 for retroactive benefits and continuing benefits on a monthly basis thenceforth.  As well as any cost of living increases, and reasonable attorney fees and costs associated with obtaining the Appointment of Conservatorship as incorrectly required by Johnson & Johnson, in the amount of $5,370.00, and having to retain counsel to prepare this letter, in the amount of $500.00.

Avoiding litigation is ideal for all parties involved and the facts of this situation are very clear, so we are confident you will find the above resolution acceptable.  Notwithstanding, Ms. Gutierrez is ready and willing to pursue all remedies available to her by law, including Court intervention and seeking compensatory, punitive, and actual damages, pre and post judgment interest, and attorney fees and costs.

We truly appreciate your immediate attention to this matter and your willingness to effectuate an adequate solution promptly.  Please contact me directly within 10 business days to make the necessary arrangements for an immediate lump sum payment of the accrued survivor benefits, and setting up monthly direct deposits moving forward, as well as reimbursement for attorney fees and costs.

Very Truly Yours,

Lightning Legal Group, P.C.

*/s/Vanessa L. DeNiro – e-signed*
Vanessa L. DeNiro, Esq.
3949 Corrales Rd. #110
Corrales, NM 87048
Phone:  505-977-8975
vadeniro@lightninglegal.biz

# *DENIRO LAW, LLC*

6300 Riverside Plaza Ln. Suite #100.
Albuquerque, New Mexico 87120
P.O. Box 45104
Rio Rancho, New Mexico 87120
PH: (505) 977-8975
Fax: (505) 750-9836
vanessa@denirolaw.com
www.denirolaw.com
Licenced in the State of New Mexico
Bianca Duran, Associate Attorney
bduran@denirolaw.com



*Sent via: Fax*
**Johnson and Johnson, Inc.**                                            **June 22, 2021**
**ATTN: Benefit Service Center**
**P.O. Box 785010**
**Orlando, FL 32878-5010**
**Fax: 847-554-1217**

<u>**Re: Lisa R. Baca, Deceased; Distribution of Survivor Benefits**</u>

To Whom It May Concern,

     Please be advised this firm represents Nicole Gutierrez, the court appointed Guardian and Conservator of Juan D. Baca, regarding the above-referenced matter. Despite previous efforts to resolve this matter with your office directly, Johnson and Johnson's inaction and duplicitous statements have resulted in the need for continued attorney involvement. This letter is a final good faith attempt to avoid litigation. While we remain optimistic that a mutually satisfactory resolution can be reached, we have advised our client of all legal remedies available, including the commencement of a civil lawsuit.

     Below is a synopsis of pertinent information, facts, and events, as well as a demand for payment.

**<u>FACTUAL HISTORY</u>**

     Juan D. Baca ("JD Baca") and Lisa R. Baca were married on February 5, 1988. Lisa R. Baca, deceased, was employed by Johnson and Johnson, Inc. beginning on or about August of 1988. As a benefit of her employment with Johnson and Johnson, Lisa R. Baca received a Retirement Plan, to which she designated Juan D. Baca as the survivor beneficiary. On May 31, 1994, Lisa R. Baca passed away, survived by Juan D. Baca and their daughter. Lisa R. Baca's death certificate with her social security number is attached hereto as **<u>Exhibit 1.</u>**

     On or about September 29, 1995, Johnson and Johnson sent written correspondence to Juan D. Baca. This letter conveyed that the survivor benefits would be eligible for disbursement beginning in December of 2015, the first month after Lisa R. Baca would have attained the age

55. Juan D. Baca has suffered from mental deficiencies from an early age, beginning with learning disabilities and illiteracy throughout school. His mental incapacity progressed over the years, and when he turned 19 years old, a teacher referred him for a vocational evaluation. The evaluation reported severe dyslexia, including limitations related to verbal-cognitive areas and the inability to follow written instructions.

Juan D. Baca's health and cognitive abilities substantially declined after his wife's death and he relied on his family for assistance with day-to-day functions, paying bills and maintaining his home. Juan D. Baca's cognitive state impacted his ability to comprehend the contents of the letter sent by Johnson and Johnson in 1995, much less able to complete the proper forms as directed in the correspondence from Johnson and Johnson on January 28, 2016.

Juan D. Baca's sister, Nicole Gutierrez, made efforts in the past in order to try and obtain distribution of benefits, but she was met with great resistance and a general lack of interest from Johnson and Johson. Subsequently, Nicole Gutierrez was formally appointed to serve as Co-Guardian of Juan D. Baca.  The Order Appointing Co-Guardians was provided to Johnson and Johnson, by Nicole Gutierrez. This was sufficient to establish her authority to communicate, assist, and make determinations related to Juan D. Baca's benefits associated with his deceased spouse's Retirement Plan. However, her efforts were to no avail as Johnson and Johnson did not recognize her authority as Co-Guardian and Johnson and Johnson responded with a Denial Notice in April of 2016.

This Notice acknowledged Plaintiff as JD Baca's Guardian, but erroneously required that she be appointed Conservator before she could be authorized to assist in the process. According to the Letters of Guardianship issued by the Court, Plaintiff was granted plenary power and authority under New Mexico Law, to independently act on behalf of the protected person, Juan D. Baca, for all purposes related to Juan D. Baca's custody, care, health, safety, **and finances**, as outlined by NMSA 1987, § 45-5-312(B)(4).

On January 31, 2017, Nicole Gutierrez was appointed Conservator of JD Baca. This further solidified that she was, and currently is, acting in accordance with court order and on behalf of JD Baca as an incapacitated person.  Nicole retained legal representation to prepare a Demand Letter to Johnson and Johnson. The Demand Letter, attached hereto as **Exhibit 2**, was transmitted on August 2, 2017 to three (3) known addresses for Johnson and Johnson, including its main office and its Benefits Services Center. To date, no formal response has been received and zero benefits have been distributed.

Juan D. Baca has lived without benefit of his distributions for over five (5) years, which has been a hardship and a detriment to him because these funds are crucial to support expenses related to his incapacitation. Therefore, on June 8, 2021, our office contacted the Johnson and

2

Johnson Benefits Department in order to obtain more information regarding benefit distribution and to inquire about the unanswered Demand Letter sent in August of 2017. Counsel was told to submit another letter to the Benefits Department with the appropriate court Order Appointing Conservatorship attached and this would be sufficient for benefits to review and begin distribution of benefits. Therefore, this letter stands as final demand for distribution of benefits to JD Baca via his Guardian and Conservator, Nicole Guiterez.

**DEMAND FOR INFORMATION AND FOR PAYMENT**

The Guardian/Conservator on behalf of the survivor beneficiary, JD Baca, demands information regarding this account including but not limited to, a payment history, all past due amounts accrued and ongoing monthly statements. Moreover, demand for payment is hereby made by the Guardian/Conservator on behalf of the survivor beneficiary, JD Baca, including, but not limited to all current and past due payments for an ongoing basis.

**CONCLUSION**

This matter is urgent and requires immediate attention as Juan D. Baca's mental condition makes it especially important for him to receive this additional income to help pay for his continued care and wellbeing. Thus, accordingly, we demand the immediate payment of the outstanding amount that has accrued since December 1, 2015. We also demand that ongoing monthly payments begin immediately. If a lump sum payment and/or new benefits statement is not tendered within ten (10) business days, we have advised our client to proceed with seeking the Court's intervention.

All payments and information regarding this account should be mailed to:

Juan D. Baca, Protected Party
c/o Nicole Gutierrez,
Guardian/Conservator of Protect Party
6219 Marigold Ct NW
Albuquerque, NM 87120
(505)-328-3625
ngutierr2@comcast.net

Very truly yours,

*Bianca M. Duran*
Bianca M. Duran, Esq.

6300 Riverside Plaza Ln. Suite #100.
Albuquerque, New Mexico 87120
P.O. Box 45104
Rio Rancho, New Mexico 87120
bduran@denirolaw.com
PH: (505) 977-8975
Fax: (505) 750-9836


CC: Nicole Gutierrez, as court appointed Guardian and Conservator for Juan D. Baca

Enclosures: Ex. 1 - Death Certificate of Lisa R. Baca; and Ex. 2 - August 2, 2017 Demand Letter
with attachments

4

9/3/2021          DeNiro Law, LLC Mail - Fwd: Successful transmission to 18475541217. Re: Lisa R. Baca, deceased - Distribution of Survivor Benefits



James Peck <jp@denirolaw.com>

---

## Fwd: Successful transmission to 18475541217. Re: Lisa R. Baca, deceased - Distribution of Survivor Benefits

6 messages

---

**Vanessa L. DeNiro** <vanessa@denirolaw.com>
To: Bianca Duran <bduran@denirolaw.com>, James Peck <jp@denirolaw.com>

Tue, Jun 22, 2021 at 7:10 PM

---------- Forwarded message ---------
From: <NoReply@myfax.com>
Date: Tue, Jun 22, 2021 at 4:32 PM
Subject: Successful transmission to 18475541217. Re: Lisa R. Baca, deceased - Distribution of Survivor Benefits
To: <vanessa@denirolaw.com>



Your fax was successfully sent to 18475541217 by MyFax.

**Fax Details**

**Reference ID:** NG6-22-21
**Date:** 2021-06-22 22:31:59 (GMT)
**Number of Pages:** 24
**Length of Transmission:** 1600 seconds
**Receiving Machine Fax ID:** Alight Solutions LLC

**Please note that moving forward, the domain used for sending a fax by email with MyFax has changed. You must now follow your recipient's fax number by @send.myfax.com instead of @myfax.com.**

If you have any questions, please visit our online help center.

Thank you for choosing MyFax.

Sincerely,
The MyFax Team

**Tip:** Switch to an annual plan and save! Call (866) 378-2373 or email support@myfax.com.

EXHIBIT

I

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**NICOLE GUTIERREZ, as Court**
**appointed Guardian and Conservator**
**for Juan D. Baca,  a Disabled Person,**

      **Plaintiff,**

v.                         **No. D-202-CV-2021-_____**

**JOHNSON & JOHNSON INTERNATIONAL, INC., and**
**JOHNSON & JOHNSON, INCORPORATED,**

      **Defendants.**

### AFFIDAVIT OF JAMES PECK

      I, James Peck, do hereby affirm and declare that I am over 18 years of age and I am competent to give the following declaration based on my personal knowledge unless otherwise stated, and that the following facts and issues are true and correct to the best of my knowledge:

      1.      I am a resident of Cobb County, in the state of Georgia.

      2.      I was previously employed by Lightning Legal Group, P.C. in 2017, as a Paralegal.

      3.      I am currently employed by DeNiro Law, LLC, and work remotely as the firm's Senior Paralegal.

      4.      I am personally knowledgeable and familiar with the facts and issues surrounding this case.

5.      I am personally knowledgeable and familiar with Juan D. Baca's disability and Nicole Gutierrez's status as Mr. Baca's court-appointed Guardian and Conservator, as well as her underlying authorities and responsibilities.

6.      With the supervision of Lead Counsel, I have personally aided Ms. Gutierrez with a number of tasks related to her performance as Mr. Baca's Guardian and Conservator, including but not limited to applying for various Public Assistance Programs and creating a Special Needs Trust.

7.      I have personally assisted Ms. Gutierrez prepare the annual Guardianship and Conservatorship Reports, and therefore I am familiar with the level of care Mr. Baca requires, as well as his financial situation.

8.      The Survivor Benefits sought in this case will increase Mr. Baca's monthly income and provide an additional resource for his continued care and wellbeing.

9.      I was personally involved with the preparation and transmission of the 2017 Demand Letter to the Defendant, attached as Exhibit G, to the Complaint.

10.     I was personally involved with the preparation and transmission of the 2021 Demand Letter to the Defendant.

11.     On or about June 22, 2021, I faxed the 2021 Demand Letter referenced in the Complaint and attached as Exhibit H to the Complaint.

12.     On or about June 23, 2021, I contacted the Defendant's Benefits Services Department and spoke to a representative named Brielle. I provided a synopsis of the situation, specifically explaining that the Survivor Beneficiary (Juan D. Baca) is disabled and requires an advocate to communicate on his behalf. I received confirmation that the faxed documentation

was received and Brielle advised that the paperwork appeared sufficient to achieve the intended purpose of granting Nicole access to the account.

13.     During that same call, I requested for a case to be opened with the Defendant's Escalation Team to ensure the matter would be flagged for a supervisor's immediate attention. I was provided with Ticket No. 1060653 to use for future reference and Brielle indicated that I could expect to receive an update in several days, after the paperwork had been fully reviewed and processed.

14.     Approximately two (2) weeks passed without any contact from Defendant, which prompted me to make a follow-up call to the Benefits Service Center on or about July 8, 2021. This time I spoke to a representative named Shannon and despite referencing the previously assigned Ticket No. 1060653, I was forced to re-explain the entire situation all over again; I reiterated that the Survivor Beneficiary (Juan D. Baca) is disabled and requires an accommodation, specifically he requires his court-appointed Guardian and Conservator to communicate on his behalf.

15.     When Shannon looked up Ticket No. 1060653, she informed me that the ticket had been marked *closed* earlier that very day (July 8, 2021). Although she was unable to provide a specific reason as to why the Escalation Team closed the ticket, Shannon advised this meant that a review of the faxed paperwork had been conducted and a decision was made.

16.     I then asked if Nicole Gutierrez was now an authorized contact on the account and inquired as to the next steps. Again, Shannon was unable to confirm the outcome of the review, but advised me that Johnson & Johnson's policy is to provide written notice within fifteen (15) days after a decision is made.

3

17.   It was my understanding that, if denied, Nicole would receive a letter explaining the reason for denial and if approved, she would receive a letter containing a temporary password for her to access Mr. Baca's account; in either event, Defendant would mail written correspondence within fifteen (15) days of July 8, 2021.

18.   As of the date of this Affidavit, no additional communication has been received from Defendant.

19.   As of the date of this Affidavit, zero survivor benefits have been distributed to JD Baca.

Dated: _Sept 2_ , 2021

_James Peck_
James Peck

STATE OF _GA_ )
                                    ) s.
COUNTY OF _Cobb_ )

SUBSCRIBED AND SWORN TO before me on _2nd of Sept_ , 2021, by James Peck.

_Crystal Pinckney_
Notary Public

My Commission Expires:

_03-25-2023_

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**9/3/2021 4:41 PM**
**CLERK OF THE COURT**
**Catherine Chavez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**NICOLE GUTIERREZ, as Court**
**appointed Guardian and Conservator**
**for Juan D. Baca, a Disabled Person,**

      **Plaintiff,**

**v.**                              **No. D-202-CV-2021-** D-202-CV-2021-05247

**JOHNSON & JOHNSON INTERNATIONAL, INC., and**
**JOHNSON & JOHNSON, INCORPORATED,**

      **Defendants.**

## CERTIFICATION REGARDING
## ARBITRATION UNDER LOCAL RULE LR2-603

      **COMES NOW**, Plaintiff, Nicole Gutierrez, as court appointed Guardian and

Conservator of Juan D. Baca, a disabled person, by and through counsel of record,

DeNiro Law, LLC (Vanessa L. DeNiro, Esq.), and certifies that:

          ____ This case is subject to referral to arbitration under Local Rule LR2-603.
             No party seeks relief other than a money judgment and no party seeks
             an award in excess of $25,000.00, exclusive of punitive damages,
             interest, costs and attorney's fees.

          __X__ This case is not subject to referral to arbitration under Local Rule
             LR2-603 because at least one party seeks relief other than a money
             judgment and/or at least one party seeks an award in excess of
             $25,000.00, exclusive of punitive damages, interest, costs and
             attorney's fees.

  I further certify that the pleadings in this case are not closed, pursuant to the meaning
under the Guidelines of Local Rule LR2-603

Respectfully submitted,

DeNiro Law, LLC

By: */s/ Vanessa L. DeNiro, Esq.*
Vanessa L. DeNiro, Esq.
*Attorney for Nicole Gutierrez, as*
*Guardian and Conservator for Juan*
*D. Baca*
P.O. Box 45104
Rio Rancho, NM 87175
(505) 977-8975
Vanessa@denirolaw.com

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**9/3/2021 4:41 PM**
**CLERK OF THE COURT**
**Catherine Chavez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**NICOLE GUTIERREZ, as Court**
**appointed Guardian and Conservator**
**for Juan D. Baca, a Disabled Person,**

   **Plaintiff,**

**v.**           **No. D-202-CV-2021**~~D-202-CV-2021-05247~~

**JOHNSON & JOHNSON INTERNATIONAL, INC., and**
**JOHNSON & JOHNSON, INCORPORATED,**

   **Defendants.**

## <u>DEMAND FOR TRIAL BY JURY</u>

  **COMES NOW** Plaintiff, Nicole Gutierrez, as court-appointed Guardian and Conservator

of Juan D. Baca, a disabled person, by and through counsel of record DeNiro Law, LLC,

(Vanessa L. DeNiro, Esq.) and hereby demands a trial by a jury of six (6) persons on all matters

in controversy in the above-captioned cause.

         Respectfully submitted,

         DeNiro Law, LLC

         By: <u>*/s/ Vanessa L. DeNiro, Esq.*</u>
         Vanessa L. DeNiro, Esq.
         *Attorney for Nicole Gutierrez, as*
         *Guardian and Conservator for Juan*
         *D. Baca*
         P.O. Box 45104
         Rio Rancho, NM 87175
         (505) 977-8975
         <u>Vanessa@denirolaw.com</u>